**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 5:13-CR-00655-(5)XR** |
| | § | |
| **MARCIANO MILLAN VASQUEZ(5)** | § | |

**TRIAL BRIEF ON ADMISSIBILITY OF FOREIGN DOCUMENTS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Marciano Milan Vasquez files this trial brief in support of the admissibility of foreign documents and in support thereof would show the Court the following.

**I.**
**SUMMARY OF CONTENTS OF DOCUMENTS**

The defense has provided notice to the Government and this Court of its intent to use certain foreign documents in defense of the allegations that form the basis of the indictment in the above cause. Attached hereto and incorporated herein by reference is the Defense's notice of filing of foreign official government documents and foreign documents of regular conducted activity, that list the individual documents the defense intends to introduce in the above cause.

Exhibit 1, is a complete copy of the court file associated with the prosecution of a criminal case against this Defendant. The record reflects the charges and evidence against this Defendant and the defenses presentation of evidence in support of acquittal. The charges against this Defendant stem from a May 17, 2013 arrest by the SEMAR, (Naval forces of the Mexican Government). The charging instrument or complaint charged the Defendant with the offenses of possession of a military styled firearm and ammunition, possession of marijuana and money laundering of illegal obtained funds. Contained within Exhibit 1, are the actual declarations of

1

the government and defense witnesses, along with physical evidence that was presented to the judicial officer. Exhibit 1-A, which is contained within Exhibit 1, is the actual Judge's Order which consist of the Judge's summation of the charges, the facts presented, with his conclusions and findings in support of dismissal of all charges against this Defendant.

Exhibit 2 and 2-A, is the appellant review of the trial court Judge's Order, with a finding that Judge's conclusions, findings and order of dismissal were proper and supported by the evidence.

Exhibit 3, is a document from the law enforcement division from the state of Coahuila, Mexico, which is the investigative agency that would be responsible for investigating, and maintaining records of any alleged criminal activity associated with the Defendant in that state. The document reflects that the Defendant does not have a criminal history nor are there any pending investigations against this Defendant in the state of Coahuila.

Exhibit 4, is a document that confirms the martial union of this Defendant and his wife and confirms that their residence in the State of Coahuila.

## II.
## ARGUMENT IN SUPPORT FOR ADMISSIBILITY—INFORMATION CONTAINED THEREIN IS RELEVANT TO THE PRESENTATION OF THE DEFENSE

The indictment against this Defendant alleges acts of violence, allegations of weapon trafficking and possession of weapons in furtherance of a drug crime, and acts related to the possession and distribution of drugs that are alleged to have occurred in the Republic of Mexico, and in the Western District of Texas during a period of time that spans from January 1, 2006 to July 15, 2015 as an alleged member of the drug organization known as the "Zetas".

Exhibit 1, 1-A, and 2, are directly related to the charges brought by Mexican authorities that relate to and mirror those charged by the United States in its indictment. Counts 1 charges

2

the Defendant with violent acts committed in furtherance of drug crimes, and in Counts 2,through 8, and in Count 9 of the indictment the Defendant with conspiracy to possess weapons in furtherance of drug trafficking. The charges in the U.S. indictment are identical to the charges that were prosecuted in Mexico in May of 2013, both of which are/were alleged to have occurred during the period of time charged in the U.S. indictment. Counts 2-8 of the U.S. indictment, charge the Defendant with drug trafficking crimes alleged to have occurred from January 1, 2006 to July 15, 2015 in the Republic of Mexico and in the Western District of Texas during the same period of the drug trafficking crime, the possession of military weapons and money laundering charge that was alleged to have occurred in Mexico and prosecuted in Mexico in May of 2013.

In addition to Exhibits 1-2A, Exhibit 3 and 4, provides support for the defense's position, that the Defendant did not engage in criminal acts in the Republic of Mexico and that he lived a criminal free life in his home country. Exhibit 3, the document from the State's law enforcement organization that would be responsible for investigating and prosecuting the criminal acts that occur within its territorial jurisdiction is some evidence in support of the defense's theory.

The exhibits listed above, are not intended to be introduced to support a claim of res judicata, collateral estoppel, double jeopardy, nor are they intended to support findings of fact or conclusions of law that this Court should accept as final. The purpose of their introduction is to provide the jury with the Defendant's theory that he did not and has not engaged in the criminal acts that are alleged in the U.S. indictment to have occurred in Mexico, a theory buttressed by the exhibits.

Federal Rules of Evidence 401,402 and 403 provide the parameters upon which evidence is deemed to be relevant and if so if it should otherwise be excluded. There is no question that the Exhibits contain evidence that "has any tendency" to make a fact more or less probable that it

would be without the evidence; and the fact is of consequence in determining the action. See FRE 401 (test for relevant evidence). The degree to which evidence "has a tendency" to make a fact more or less probable is a liberal one. See _Daubert v. Merell Dow Pharms_, 509 U.S. 579 (1993) Quoting _U.S. v. Hitt_, 981 F.2d 422, 423 (9th Cir.1992), "We let jurors see and hear even marginally relevant evidence, because we trust them to weigh the evidence appropriately". Thus the test is not whether the Exhibits provide proof in support of acquittal of the U.S. charges but rather do the Exhibits contain facts or evidence that tends to support the defense's theory in support of acquittal. Extraneous acts are often used in criminal prosecutions, not because they establish guilt, but because they support the government theory in an intrinsic or extrinsic way, and in order to avoid confusion of the issues for the jury, the admission of the same is often coupled with a jury instruction so as to that limit the scope of its admissibility. Any argument that if admitted the exhibits would create confusion of the issues for the jury, could be addressed by an appropriate limiting instruction if deemed appropriate.

### III.
### THE ALLEGATIONS IN THE GOVERNMENT'S INDICTMENT PUT THE DEFENDANT'S CHARACTER AT ISSUE

In Count 1, the Government alleges that the Defendant has engaged in violent acts in furtherance of his drug crime conspiracy. The acts in the support of the indictment are alleged to have occurred in Mexico and in the United States during the period of January 2006 to July 15, 2015. However, to date of the Government's discovery viewed to date, all of the allegations related to violent acts appear to have occurred in Mexico. The Exhibits clearly reflect on the Defendant's character for non-violence and law abiding nature, character traits which the Government's allegations have put at issue. In the instant case, the fact that the Government's evidence against this Defendant is comprised solely on the statements of prior convicted persons,

with no independent corroborating evidence, coupled with the fact that the only time he was arrested and prosecuted, the allegations were deemed without merit and un-supported by evidence is some evidence in support of the defense's theory of the Defendant's non violent nature, law abidance, and innocence.

Fed.R.Evid. 404(a)(2)(A), provides and allows the admission of a defendant's pertinent trait, which in this case is the Defendant's non violent nature, and law abidance. In support the defense cites the decision in _U.S. v. Hewitt_, 634 F.2d 277 (5th Cir. 1981), where the court held "Fed.R.Evid. 404 codifies the familiar rules governing the use of character evidence in criminal and civil trials. "The accused may always introduce evidence of "pertinent" traits of his character, however thereby opening the door to cross-examination and rebuttal on those traits. The Hewitt court went on to add, "In some circumstances, evidence of good character may of itself create a reasonable doubt as to guilt, and the jury must be appropriately instructed. Hewitt at 278. Hewitt citing _Darland v. U.S._, 626 F.2d 1235, 1238 (5th Cir. 19880) and _Michelson v. U.S._, 335 U.S. 469 (1948), stated, "To the extent, however, that the evidence proffered by _Hewitt_ would establish his character as law-abiding citizen, it stands on a different footing. Such evidence is always relevant. As stated by Justice Jackson in the _Michelson_ decision, "The line of inquiry into character denied to the State is opened to the defendant because character is relevant to resolving probabilities of guilt. He may introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged. _Michelson_ at 476. The Hewitt decision and its analysis of the application of Fed.R.Evid. 404, as it relates to the admission of character evidence was recently cited in _De Leon v. U.S._, 728 F.3d 500 (5th Cir.2013), where the court held, "The district court did err when it excluded De Leon's evidence of his law-abiding character. Evidence of the

defendant's pertinent trait is admissible and evidence of the defendant's character as a law abiding citizen is always relevant".

## IV.
## THE GOVERNMENT'S ALLEGATIONS THAT THE DEFENDANT COMMITTED CRIMES IN MEXICO AS A MEMBER OF THE ZETAS, ARE REBUTTED BY THE EXHIBITS

There is no question that the allegations in the indictment encompass acts having occurred in Mexico during the relevant period covered by the indictment. The fact that the Defendant was charged and dismissed by the Mexican authorities for acts that mirror the allegations in the indictment and that were alleged to have occurred during the relevant period, is some evidence in support of the defense theory. While the outcome of the Mexican case is not absolution for all the alleged acts in the indictment, it is some evidence that rebuts the Government's case. In addition, the fact that this Defendant has been judicially cleared of the only charges ever filed in Mexico against him and that his is not the subject of any pending investigation, rebuts the Government theory of this Defendant having engaged in criminal acts and being the source of numerous violent acts as a member of the Zetas, which is the Government's theory as alleged in the indictment. The Exhibits rebut the Government's allegations and theory of its case, that being that this Defendant is ranking member of the Zetas and through his membership in that organization, the acts charged were committed.

## V.
## AUTHORITIES IN SUPPORT OF ADMISSIBILITY OF THE DEFENDANT'S EXHIBITS 1-4

The above documents have been provided to the Government and are subject to admission pursuant to the provisions contained in 18 U.S.C. Sections 3491-3494 and 18 U.S.C. Section 3505. Exhibits 1-3 are public documents and not business records and carry with them

the weight of reliability. The documents produced are authenticated records of judicial proceedings that, and as Exhibit 2-2A reflects that were subjected to appellant review. Thus any claim of outside source manipulation of Exhibits 1-2 would be without merit for each occurred and was documented before the original indictment in this case was unsealed and served on the Defendant. Each Exhibit meets the authentication requirements as set out in 18 U.S.C. Section 3491-3494. As held in *U.S. v. Abrego*, 141 F.3d 142 (5th Cir. 1998), the legislative history of 18 U.S.C. Section 3505 indicates that Congress adopted the statute in part based upon its view that foreign business records accompanied by the certification required by the statute possess an "inherent trustworthiness". The Abrego court went to add that foreign records admissibility is firmly rooted in the Federal Rules of Evidence. See Fed.R.Evid 803(6).

The Exhibits meet the admissibility requirements of Fed.R.Evid. 405(a) and 405(b). Here the Government's allegations put the Defendant's character at issue. In particular the allegations of violent acts and alleged participation in a violent drug organization, opens the door for the Defendant to be able to offer reputation or opinion evidence of good character as well as specific instances of conduct to show the relevant trait of character when character is a substantive issue as is the case here. There is no absolute prohibition to the admission of "good" act evidence to show lack of intent or knowledge and the like. See *United States v. Thomas*, 134 F.3d 975 (9th Cir. 1998), and Fed.R.Evid. 404(b).

Exhibits 1-3 meet the admissibility requirements as set out in Fed.R.Evid. 803(8)(A)(i)(ii)(iii), and (B). The reliability requirements set out in 18 U.S.C. Section 3491-3494 and Fed.R.Evid. 803 have been met and the matters contained therein are relevant to the rebuttal of the Government's allegations as set out in the indictment. For guidance the defense directs the Court's attention to the decision reached by the United States Court of Appeals for the

Sixth Circuit in _U.S. v. Garland_, 991 F.2d 328 (6th Cir. 1993). While the _Garland_ decision

involves the denial of a motion for new trial based on newly discovered evidence, the court's

analysis is focused on the admissibility of a foreign tribunals findings on a criminal case that had

implications on a criminal prosecution from which the defendant sought relief. In _Garland_ the

defendant stood charged in a U.S. court for a loan fraud case that had its origin in Ghana.

Garland was convicted in the U.S. court and Garland's business partners were convicted in a

Ghana court of having defrauded him in the deal for the purchase of cocoa beans that served as

the underlying action for U.S. conviction. Garland's attempt to introduce the foreign court

proceedings and its findings as evidence in support of motion for new trial was denied. The

Court of appeals citing 18 U.S.C. Section 3505 and _Beech Aircraft Corp. v. Rainey_, 488 U.S. 153

(1988), held that Fed.R.Evid. 803(8), covering the public records exception to the hearsay rule,

does not create a distinction between facts and opinions contained in public records, and that

portions of investigatory reports containing factual information are admissible under 803(8)( c )

despite the fact that they may state a conclusion or opinion. The ultimate burden of showing lack

of trustworthiness as a reason for inadmissibility is on the opponent of the evidence. It goes

without saying that the ultimate safeguard is the opponent's right to present evidence tending to

contradict or diminish the weight of these conclusions. The Court in _Garland_ went on to state,

"As with records failing under the public records exception, foreign judgments that show no sign

of being unreliable should be admitted. The dual justifications for the public records exception,

the assumption that a public official will perform his duty properly and the unlikelihood that he

will remember details independently of the record, "Fed.R.Evid. 803 advisory committee's note,

as well as the reliability gained from regularly conducted activities generally, apply to the

foreign judgment as issue here, As with public records, there is no reason to distinguish between

8

facts and opinions contained in foreign judgments.  Except where a foreign judgment appears to lack trustworthiness, the burden should be on the party opposing their admission to show lack of trustworthiness.  Once admitted, foreign judgments should be treated as prima facie evidence of the facts and opinions contained herein, The opposing party, of course, will have the opportunity to rebut these facts and opinions with evidence of its own.  _Garland_ at 334-335.

## VI.

## DEFENDANT HAS A CONSTITUTION RIGHT TO PRESENT A DEFENSE

The Defendant has absolute right to present a defense, "whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clause of the Sixth Amendment, the Constitution guarantees criminal defendant's meaningful opportunity to present a "complete defense".  See _Homes v. South Carolina_, 47 U.S. 319 (2006) citing Crane v. Kentucky, 476 U.S. 683 (1986).

The right of an accused in a criminal trial to due process is, in essence the right to a fair opportunity to defendant against the state's accusations.  See _Chambers v. Mississippi_, 410 U.S. 284 (1973).

The right to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process.  As Justice Black in _In Re Oliver_, 333 U.S. 257, (1984) wrote, those rights as among the minimum essentials of a fair trial.

Few rights are more fundamental than that of an accused to present witnesses in his own defense.  See _Webb v. Texas_, 409 U.S. 95 (1972), _Washington v. Texas_, 388 U.S. 14 (1967) and _In Re Oliver_, 333 U.S. 257 (1948).   In the instant case the Defendant in addition to live witnesses, he has noticed his intent to introduce documents as evidence in support of his defense theory under firmly rooted statutory and evidentiary rules.  Rules and statutes that rely on the

9

trustworthiness of the documents.  To deny their admission based on a strict application of hearsay rule or on their evidentiary value would be error, for that decision would be based on the weight to be given the evidence rather than on their admissibility.  While it is recognized that the right to confront and to cross-examine is not absolute and may in appropriate cases, bow to accommodate other legitimate interest in the criminal trial process.  See *E.G., Mancusi v. Stubbs*, 408 U.S. 204 (1972).  But its denial or significant diminution calls into question the ultimate "integrity of the fact-finding process" and requires that the competing interest be closely examined.  See *Berger v. California*, 393 U.S. 314 (1969).

Although State and Federal rule makers have latitude under the Federal Constitution to establish rules excluding evidence from criminal trials, a criminal defendant's federal constitutional right to a meaningful opportunity present a complete defense is abridged by evidence rules that (1) infringe upon a weighty interest of the accused, or (2) are arbitrary or disproportionate to the purpose that such rules are designed to serve.  The Constitution thus prohibits the exclusion of defense evidence under rules that (1) serve no legitimate purpose, or are disproportionate to the ends that such rules are asserted to promote.  See *Homes v. South Carolina*, 547 U.S. 319 (2006) citing *U.S. v. Scheffer*, 523 U.S. 303( 1998).

It is for the jury to give weight to the evidence and not for the Court or the Government to do so in support of exclusion, where the Defendant's right to present a complete defense is impaired.  As held in *Homes v. South Carolina*, 547 U.S. 319 (2006), where the credibility of the prosecution's witnesses or the reliability of its evidence is not conceded the strength of the prosecution's case cannot be assessed without making the sort of factual findings that have traditionally been served for the trier of fact.  Exclusion of exculpatory evidence deprives a defendant of the basic right to have the prosecutor's case encounter and survive the crucible of

meaningful adversarial testing.  See *U.S. v. Cronic,* 466 U.S. 648 (1984) and *Washington v. Texas*, 388 U.S. 14 (1967).  In the instant case evaluating the Defendant's evidence to determine if its strong enough to counter the Government's allegations and its evidence in support, is the very analysis that the Court in *Holmes v. South Carolina* found to be improper and counter to the right of the defendant to present a complete defense, when the proffered evidence provides some evidence, it must be allowed to be judged by the trier of fact if our Constitutional protections have any meaning.

Respectfully submitted,

The Law Office of Jaime Cavazos
110 West Nueva
San Antonio, TX  78204
(210) 224-4848
Fax   224-5806
Jcavazos_law@hotmail.com

      /S/Jaime Cavazos
JAIME CAVAZOS
FBN 25884
State Bar No: 00789213

CERTIFICATE OF SERVICE

I certify that on May 6, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the following CM/ECF participants:

Mr. Russell Leachman

*/s/ Jaime Cavazos*
JAIME CAVAZOS