UNITED STATES DISTRICT COURT
WESTERN DIVISION OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 5:13-CR-00655-XR |
| ) | |
| MARCIANO MILLAN VASQUEZ ) | |
| ) | |

## GOVERNMENT'S RESPONSE TO AND MOTION IN LIMINE IN OPPOSITION OF DEFENDANT'S FOREIGN DOCUMENT EVIDENCE

Comes now the United States Attorney for the Western District of Texas and files this Response and in the alternative Motion in Limine to the Defendant's evidentiary proffer of certain foreign documents in the trial on the merits of the above-styled cause, and in opposition thereto would respectfully show unto the Court the following:

### I.
### Introduction

The Defendant, through his counsel in open Court, has stated his intention to offer certain documents obtained from Mexico. One class of documents purport to be a case file and/or the appellate filings of a criminal proceeding against the Defendant in Mexico. Mexican court proceedings are submitted in written form without oral testimony. The Defendant was allegedly acquitted of the charges in the case. It is still unclear to the United States the purpose for seeking the admission of the documents in the case *sub judice*, but in any event, it is the United States position that the documents would be inadmissible.

The second document that the Defendant proffers is a sort of certificate of non-existence of criminal charges against the Defendant in the Mexican State of Coahuila. Again, it is unclear

the purpose for the document, but as set forth *infra*, this evidence too would be inadmissible in the trial on the merits.

## II.
## EVIDENCE OF ACQUITTAL IN FOREIGN PROCEEDING

Again, at this point it is unclear the relevance or materiality of the proffered evidence. The Defendant has not demonstrated that the proceeding in Mexico is related to the current charges. Moreover, the current charges are brought by an entirely different sovereign on an entirely different set of statutes. The Defendant has not raised claims of double jeopardy or estoppel, and indeed such defenses are not available to him.[1]

Courts have squarely held that, as a general matter, a trial court does not abuse its discretion in excluding evidence of a prior acquittal on a related charge. In United States v. Kerley, 643 F.2d 299 (5th Cir. 1981) the defendant, an officer in the sheriff's department, repeatedly struck an individual held in custody. A state jury acquitted the defendant on a battery charge, and the defendant attempted to introduce this evidence in a federal trial arising from the same incident. The trial court refused to admit the prior acquittal, and the defendant urged that the exclusion of the evidence required reversal. The Court held that although a judgment of acquittal is relevant with respect to the issues of double jeopardy and collateral estoppel, once it

---

[1] The Double Jeopardy clause of the U.S. Constitution does not apply. The core protection of the Double Jeopardy Clause prohibits retrial for the "same offense" after an acquittal. *Dowling v. United States,* 493 U.S. 342, 347 (1990). The charges in Mexico and the charges in the Western District of Texas do not involve the same offense. The doctrine of collateral estoppel does not apply. In *Ashe v. Swenson*, 397 U.S. 436 (1970), the U.S. Supreme Court recognized that the Double Jeopardy Clause incorporates the doctrine of collateral estoppel. *Id*. That doctrine provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id*. at 443. The United States was not a party to the Defendant's prior proceeding. For example, the states and the national government are distinct political communities, drawing their separate sovereign power from different sources, each from the organic law that established it. Each has the power, inherent in any sovereign, independently to determine what shall be an offense against its authority and to punish such offenses. When a single act violates the laws of two sovereigns, the wrongdoer has committed two distinct offenses. *See generally United States v. Wheeler,* 435 U.S. 313, 316-20, 98 S.Ct. 1079, 1082-84, 55 L.Ed.2d 303 (1978). The fact that defendant was acquitted of certain discrete charges in Mexico does not determine an issue of ultimate fact.

is determined that these pleas in bar have been rejected, a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence admitted.... [E]vidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime. Id.

The Fifth Circuit later addressed the issue of a prior acquittal in United States v. De La Rosa, 171 F.3d 215 (5th Cir. 1999) and found that the evidence was also not admissible on other evidentiary grounds. The Fifth Circuit held that

> Furthermore, " 'a judgment of acquittal is hearsay' " not otherwise exempt " 'from the operation of the hearsay rule.' " And, even if not for these barriers to admissibility, evidence of a prior acquittal will often be excludable under Fed.R.Evid. 403, because its probative value likely will be "substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury." Other circuits overwhelmingly agree that, for all the reasons enumerated, evidence of prior acquittals are generally inadmissible.[17] There are seven sister circuits that have, in varying contexts, endorsed this view—the First, Second, Seventh, Eighth, Tenth, Eleventh, and DC Circuits. We are aware of no contrary authority.

In United States v. Chavful, 100 F.App'x 226, 232 (5th Cir. 2004), the Court held that as a general matter, a trial court does not abuse its discretion in excluding evidence of a prior acquittal on a related charge and noted that evidence of acquittal is irrelevant to the defendant's innocence, is un-exempted hearsay, and any relevance may be outweighed by the danger of unfair prejudice and jury confusion.

Even if evidence of the state court acquittal were relevant, such evidence should properly be excluded because in this instance its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403. Under Rule 403 a trial judge has broad discretion to exclude otherwise relevant evidence, even where bias or interest of a witness is involved. United States v. Kerley, 643 F.2d 299, 300-01

(5th Cir. 1981); United States v. Johnson, 585 F.2d 119, 125-26 (5th Cir. 1978); United States v. Posada-Rios, 158 F.3d 832, 862 (5th Cir. 1998); and United States v. Frankenthal, 582 F.2d 1102, 1106 (7th Cir. 1978).  Here, introducing as evidence a judicial decision based on facts collected by foreign law enforcement and presented under different rules of evidence to a foreign tribunal—facts that cover only a single day of a nearly decade-long alleged conspiracy as alleged in the Indictment in this case—has a strong likelihood of confusing the issues and misleading the jury.

Of course, this Court need not reach that balancing test under Rule 403 because here the evidence is simply not relevant.  The Fifth Circuit has ruled that prior acquittals are not relevant evidence because such evidence "is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime". *De La Rosa* at 220 (internal quotation omitted).

### III.
### FOREIGN DOCUMENT ON LACK OF CRIMINAL HISTORY/PENDING CHARGES

The United States would object to the authenticity of any document drafted by the State of Coahuila that purports to show an absence of present criminal investigation into the Defendant's conduct in Mexico. The Defendant has not complied with Federal Rule of Criminal Procedure 902(3) by following the proper procedure for authenticating foreign documents.

Additionally, the document is hearsay.  It is not self-authenticating.  It was not kept in the ordinary course of business or pursuant to a regularly conducted activity or governmental function.  It was generated at the Defendant's request.

Furthermore, the document is not reliable. The document is generated by an entity, the State of Coahuila, who is believed to have been complicit with the Zeta Drug Cartel in the trafficking of narcotics. Witnesses have testified thin related proceedings that all of the state law enforcement in Coahuila are controlled by the cartel. The affiant has not been subjected to cross examination, and the defense seeks to exempt the affiant from same. The Defendant did not comply with proper international protocols for the production of such evidence, and accordingly, it has not been vetted by the Department of State for either country. It is internally inconsistent. It is clear that the Defendant has been the subject of prior criminal proceedings not reflected in the document. It is untenable that it is true. If the State of Coahuila did in fact have open investigations or active charges against the Defendant, it is likely that such information would be under seal and/or protected and unavailable to the purported author of the document.

Finally, the document is not relevant. The fact that a foreign political entity does not report any known investigations against the Defendant in Mexico does not in any way bear upon the Defendant's charges in the United States. Even if one were to ignore the evidentiary issues discussed above, evidence that a law enforcement entity is not investigating criminal conduct is not relevant to the case at hand. If a drug defendant was under investigation by the U.S. Drug Enforcement Administration for being a drug trafficker, Defense counsel would never be able to call a special agent from Homeland Security Investigations to the stand to testify that he/she was not also investigating the Defendant.

Irrelevant evidence, procured in contradiction to the Federal Rules of Evidence, should not be put before the jury in this case.

WHEREFORE, premises considered, the Government respectfully prays that Defendant's Motion be denied.

    Respectfully submitted,

    RICHARD L. DURBIN
    United States Attorney


    By_____/s/_____
    Russell D. Leachman
    Michael C. Galdo
    Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of May 2016, a copy of the foregoing motion was provided to Jaime Cavazos, Attorney for the Defendant, via the CM/ECF system, which will transmit notification of such filing.

    _____/s/_____
    RUSSELL D. LEACHMAN
    MICHAEL C. GALDO
    Assistant U.S. Attorneys