UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | |
| v. | ‖ | SA-13-CR-655-XR |
| MARCIANO MILLAN VASQUEZ (5)<br>GUSTAVO RODRIGUEZ-COSTILLA (14), | ‖ | |
| Defendants. | ‖ | |

## GOVERNMENT'S MOTION IN LIMINE

Comes now, the United States by and through her undersigned Assistant United States Attorney and requests that counsel for the defendants, and through such counsel any and all defense witnesses, be instructed by appropriate order to refrain from making any mention or interrogation, directly or indirectly in any manner whatsoever, concerning the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause during the trial or during arguments in regard to any alleged theory of admissibility of such matters or during final argument of the trial.

1. <u>Defense Exhibits</u>.  Restricting counsel in opening statement from commenting on any defense exhibits that have not previously been supplied to counsel for the Government, and if so produced, not until the Government has been made aware of the Defense's intent to show such evidence to the jury before voir dire.

2. <u>Immigration Consequences</u>.  Any attempt to elicit testimony concerning the effect of the prosecution or any conviction on the Defendant's immigration status, the possibility of

deportation, denial of citizenship or denial of readmission as such is improper and irrelevant at the guilt stage of trial. Fed. R. Evid. 401, 402 and 403.

3. Testimony only through Defendant. Restricting counsel from alluding to information or facts which could only come to the jury's attention through the sworn testimony of the Defendant unless counsel for the Defense informs the Court that the Defendant will in fact testify.

4. Self-Serving Hearsay. Any interviews or statements or acts made by the Defendant to known law enforcement authorities, except those specifically elicited by the government in its presentation of evidence. Such would constitute merely self-serving hearsay denials without allowing government counsel the right of confrontation. *United States v. Marin*, 669 F.2d 73 (2nd Cir. 1982); Rule 801(c) of the Federal Rules of Evidence.

5. Offers to Stipulate. Volunteer, offer, or in any manner agree to stipulate to certain facts being sponsored into evidence by the Government unless some agreement between all parties with approval of the Court has been arranged concerning an agreed stipulation. Rules 401, 402, and 403 of the Federal Rules of Evidence.

6. Pre-Trial Rulings. Divulge the contents of, or rulings on, any motions filed by either the Defendant or Government pretrial. Rules 401, 402, and 403 of the Federal Rules of Evidence.

7. Discussions With Counsel. Discussions with, advice received, or actions by attorneys consulted by Defendant in connection with the investigation of Defendant prior to indictment in this cause. Rules 401, 402, and 403 of the Federal Rules of Evidence.

8. Religion. Evidence of the beliefs or opinions of any witness on matters of religion, Rule 610 of the Federal Rules of Evidence. Government of the *Virgin Islands v. Petersen*, 553

F.2d 324 (3rd Cir. 1977).

9. <u>Polygraph Results or Offers to take Polygraph</u>. As to the Defendant, the administration or results of any polygraph. Polygraph results are inadmissible. *United States v. Frogge*, 476 F.2d 969 (5th Cir. 1973), citing *United States v. Carderalla*, 570 F.2d 264 (8th Cir. 1978); *United States v. Oliver*, 525 F.2d 731 (8th Cir. 1975), <u>cert</u>. <u>denied</u>, 96 S.Ct. 1477 (1976).

10. <u>Punishment</u>. Any reference to the punishment the Defendant would receive if convicted. Basic Instructions 10A through 10D of the 1983 edition of the pattern criminal jury instructions promulgated by the U.S. Fifth Circuit District Judges Association provide in part:

> [T]he punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilty or innocence of the accused.

Instruction 1.21 of the 1990 edition is of like effect:

> If a Defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

Court of Appeals case law is equally clear on this point. "It is error to tell the jury about the consequences of a certain verdict even if they are mandatory." *United States v. McCracken*, 488 F.2d 406, 425 (5th Cir. 1974). In *United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir.), <u>cert. denied</u>, 400 U.S. 829 (1970), the Court of Appeals observed (with quotation omitted):

3

> "To inform the jury [concerning] matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided." It is the function of the jury to determine the facts and thereby the guilt or innocence of the defendant. It is the function of the judge to impose sentence. Recognizing that ordinarily there is no reason why the jury should be advised of something that has nothing to do with its duty, Appellant contends that knowledge of the mandatory nature of the sentence would make the jury take a closer look at the evidence before them on the issue of guilt. But this is not the jury's function. The jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequence in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the statute.

11. <u>Plea Negotiations</u>. Any reference to the occurrence and substance of plea negotiations are not matters of concern for the jury. *See United States v. Verdoon*, 528 F.2d 103, 107 (8th Cir. 1976) (Government plea proposals should be excluded from evidence because meaningful dialogue would be impossible if either party were forced to assume the risk that its plea offers might be admissible).

12. <u>Jencks Rough Notes</u>. The Government anticipates that the Defendant at trial will seek disclosure of witnesses' rough notes pursuant to the Jencks Act, 18 U.S.C. § 3500. Accordingly, the Government moves in limine for an order directing that defense counsel not inquire about rough notes in the presence of the jury without, first, establishing that such notes still exist and, second, obtaining a ruling that the notes are covered by the Act.

Whether a writing constitutes a Jencks Act "statement" is a question of fact for the Court, *United States v. Roemer*, 703 F.2d 805, 807 (5th Cir. 1983), and generally rough notes incorporated into investigative reports are not subject to disclosure. *See United States v. Ramirez*, 954 F.2d 1035, 1038 (5th Cir. 1992) (scattered notes containing names, addresses, and license

plate numbers not "within the Act's purview"); *United States v. Medel*, 592 F.2d 1305, 1316-17 (5th Cir. 1979) (no Jencks Act violation where Court refuses to order production of material that merely duplicates other material already possessed by the Defendant). Moreover, "[n]othing in the Jencks Act requires that notes made in the course of an investigation be preserved after the notes have served their purpose of assisting in the preparation of interview reports." *United States v. Pacheco*, 489 F.2d 554, 566 (5th Cir. 1974), cert. denied, 421 U.S. 909 (1975).

The Defendant should not be permitted to plant any adverse inference regarding the destruction of notes before the obligation to preserve them first arose. Additionally, the Defendant must not be permitted to create the erroneous inference that the Government is withholding information unfairly in the event--as is likely--that the Court finds the agent's notes, or any other notes requested, not subject to disclosure.

13. Defendant's Health. Any attempt to elicit testimony concerning either Defendant's physical health to specifically included past or current disease, illness, attacks, or medical condition. Fed. R. Evid. 401, 402 and 403.

14. Effect on Children or Family. Any attempt to elicit testimony concerning the effect of the prosecution on either Defendant's children or family as such is improper testimony on sympathy. Fed. R. Evid. 401, 402 and 403.

15. Defendant's Age. Any attempt to elicit testimony concerning the effect of the Defendant's age or lack of sophistication as such is improper testimony on sympathy. Fed. R. Evid. 401, 402 and 403.

16. Evidence of Cooperators or Informants. It is anticipated that Counsel for the defense may attempt to illicit testimony concerning the identities of certain cooperators, informants and/or

undercover agents. These matters are particularly sensitive. Revelation of these matters may put a person or persons in grave physical danger. Moreover, the Government does not believe that these matters are material or relevant to any viable defensive theory. Accordingly, the Government requests that the Court require the defense to bring such matters to the attention to the Court outside the presence of the jury in camera so that the court may determine their relevance, if any, prior to their revelation in open court. See Rule 401, 402 and 403 of the Federal Rules of Evidence.

17. <u>Extraneous Investigations.</u> It is anticipated that one or more Defendant may attempt to introduce information relating to ongoing investigations that are not relevant or material to the instant case. Specifically, it is believed that these actions may done in part as an attempt to compromise those investigations. Accordingly, such matters are not relevant or material, and should be excluded See Rule 401, 402 and 403 of the Federal Rules of Evidence.

18. <u>Evidence of Defendant's Cooperation in Other Matters</u>. Evidence of prior acts of good conduct is not admissible to negate criminal intent. *United States v. Camejo*, 929 F.2d 610, 612-13 (11th Cir. 1991). Additionally, to the extent that such matters would only be relevant for sentencing purposes, and as such should not be brought up before the jury until after such time as the Court has had an opportunity to rule on its relevance.

19. <u>Defendant's Health</u>. Any attempt to elicit testimony concerning either Defendant's physical health to specifically included past or current disease, illness, attacks, or medical condition. Fed. R. Evid. 401, 402 and 403. Specifically, Defense counsel has asserted to the Court that Mr. Munoz is very ill, that he suffers from, among other things, diabetes, that he is afraid that he is going to lose a foot if he does not receive proper medical attention soon, and that

he asserts that the attention he is receiving in GEO is not sufficient. None of these matters are relevant on the issue of Defendant's guilt, and should be excluded.

20. <u>Conditions of incarceration.</u> The United States would object to any testimony concerning the conditions of the Defendant's incarceration to include access to medical care. Fed. R. Evid. 401, 402 and 403. None of these matters are relevant on the issue of Defendant's guilt, and should be excluded.

WHEREFORE, PREMISES CONSIDERED, the United States prays this Motion in Limine be Granted in all respects.

          Respectfully submitted,

          RICHARD L. DURBIN, JR.
          UNITED STATES ATTORNEY

BY:     /s/
          Russell D. Leachman
          Assistant U.S. Attorney
          Texas State Bar No. 112069710
          601 NW Loop 410, Suite 600
          San Antonio, Texas 78216-5512
          (210) 384-7022
          (210) 384-7028 FAX

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 27th day of May, 2016, a true and correct copy of the foregoing document was served on Jaime Cavazos and Thomas Hille, Attorneys for the Defendants *via* ECF filing.

                                     /s/
                          RUSSELL D. LEACHMAN
                          Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | SA-13-CR-655-XR |
| | ) | |
| MARCIANO MILLAN VASQUEZ (5) | ) | |
| GUSTAVO RODRIGUEZ-COSTILLA(14) | ) | |

**ORDER ON GOVERNMENT'S MOTION IN LIMINE**

On the ____ day of _____, 2016, the Court came to consider the Government's Motion in Limine, and said Motion is GRANTED or DENIED as set forth below:

1.      GRANTED   DENIED

2.      GRANTED   DENIED

3.      GRANTED   DENIED

4.      GRANTED   DENIED

5.      GRANTED   DENIED

6.      GRANTED   DENIED

7.      GRANTED   DENIED

8.      GRANTED   DENIED

9.      GRANTED   DENIED

10.     GRANTED   DENIED

11.     GRANTED   DENIED

12.     GRANTED   DENIED

13.     GRANTED   DENIED

14. GRANTED   DENIED

15. GRANTED   DENIED

16. GRANTED   DENIED

17. GRANTED   DENIED

18. GRANTED   DENIED

19. GRANTED   DENIED

20. GRANTED   DENIED

Signed and entered on the _____ day of _____. 2016.

_____
HONORABLE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE