IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § Crim. Action No. SA-13-CR-655-XR |
| | § |
| MARCIANO MILLAN VASQUEZ, | § |
| | § |
| *Defendant*. | § |

**ORDER**

On this date, the Court considered the Government's motion in limine (docket no. 199).

**BACKGROUND**

In the third superseding indictment the Government alleges that from January 1, 2009 through July 15, 2015, Vasquez, while engaged in drug trafficking offenses, caused the intentional killing of various individuals. Counts Two through Four charge Vasquez with various drug trafficking offenses occurring from January 1, 2006 through July 15, 2015 (possession with intent to distribute marijuana). Count Five charges that the Defendant from January 1, 2006 through July 15, 2015, coerced or persuaded a minor to violate 21 U.S.C. §§ 841, 846, 952, 960, 959 and 963 in violation of 21 U.S.C. § 861(a)(1) and (b) and 18 U.S.C. § 2. Counts Six and Seven charge the Defendant possessed with intent to distribute cocaine from January 1, 2005 through July 15, 2015. Count Eight charges that from May 1, 2008 through July 15, 2015, the Defendant possessed with intent to distribute methamphetamine. Count Nine charges that the Defendant conspired with others to possess firearms in furtherance of drug trafficking crimes from January 1, 2008 through July 15, 2015. With the exception of Count Five, the Government alleges that these acts occurred in the Western District of Texas, the

Republic of Mexico and elsewhere.  In Count Ten the Government charges that on July 15, 2015, the Defendant falsely told a Deputy United States Marshal that his name was Rigoberto Sanchez-Ramirez and produced a false identification document.

During a pretrial hearing the Defendant gave notice that he intended to introduce certain records from the Republic of Mexico during his defense.  Apparently the Defendant was arrested by Mexican authorities in May 2013.  On May 23, 2013, a Judgment was entered into by the First District Court in the State of Sonora, Mexico.  From what this Court can determine from the translated documents provided, the Mexican law enforcement authorities alleged that Vasquez was in possession of marijuana with the intent to sell, and was also allegedly in possession of AK-47 firearms.  The Mexican court received statements and determined that there was insufficient evidence to determine "probable responsibility" for the alleged crimes.  Considerable attention was given in that Court's Judgment as to whether Mexican military forces violated the Defendant's human rights and whether evidence was "planted."

The second document the Defendant intends to offer into evidence is a notarized statement from the State Security Commission in the State of Coahuila, Mexico that attests there are "no criminal priors" found regarding Vasquez.

The Defendant argues that these documents "provide support for the defense's position that the Defendant did not engage in criminal acts in the Republic of Mexico and that he lived a criminal free life in his home country."  The Defendant does not intend to introduce these exhibits "to support a claim of res judicata, collateral estoppel, [or] double jeopardy…."  The Defendant argues that the allegations in the indictment place his character at issue and that his exhibits "clearly reflect his character "for non-violence and law abiding nature."  Finally, Defendant argues that his proposed exhibits rebut the Government's allegations that he is a

ranking member of the Zetas since he has been judicially cleared "of the only charges ever filed in Mexico against him and that he is not the subject of any pending investigation...."

## Analysis

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Whether or not the Defendant's charges against him were dismissed by the Mexican tribunal does not establish whether he committed any of the acts alleged in the indictment. Defendant's argument that the Mexican court's "acquittal" establishes that he did not commit any drug trafficking acts in Mexico is unconvincing. At most the Judgment demonstrates that in May 2013 he was found not to have possessed marijuana with intent to sell and did not possess a firearm in violation of the laws of the Republic of Mexico. More importantly, the Mexican tribunal's "acquittal" has no "consequence in determining" this action. *See United States v. Kerley*, 643 F.2d 299, 300-01 (5th Cir. 1981) ("We agree with the Government's position that evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.").

In addition, "Judgments of acquittal are hearsay. Unlike judgments of conviction, which may be admitted under Rule 803(22) of the Federal Rules of Evidence for some purposes, and used for impeachment under Rule 609, judgments of acquittal are not covered by an exception to the rule against admission of hearsay. Fed. R. Evid. 801, 802." *United States v. Irvin*, 787 F.2d 1506, 1516-17 (11th Cir. 1986). *See also United States v. De La Rosa*, 171 F.3d 215, 219-20 (5th Cir. 1999) ("Furthermore, a judgment of acquittal is hearsay not otherwise exempt from the

operation of the hearsay rule . . . Other circuits overwhelmingly agree that, for all the reasons enumerated, evidence of prior acquittals are generally inadmissible.  There are seven sister circuits that have, in varying contexts, endorsed this view—the First, Second, Seventh, Eighth, Tenth, Eleventh, and DC Circuits.  We are aware of no contrary authority.").

Also, the probative value of the evidence Defendant seeks to introduce is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading of the jury. Fed. R. Evid. 403.  Differing crimes are charged in this indictment, the dates of the alleged acts differ, and the elements of the charges differ between the United States and the Republic of Mexico.  *See United States v. De La Rosa*, 171 F.3d 215, 219-20 (5th Cir. 1999) ("And, even if not for these barriers to admissibility, evidence of a prior acquittal will often be excludable under Fed. R. Evid. 403, because its probative value likely will be substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury."); *United States v. Kerley*, 643 F.2d 299, 301 (5th Cir. 1981) (affirming exclusion of previous acquittal under Rule 403).

Finally, any argument advanced by the Defendant that he would be denied a fair trial by the exclusion of these exhibits has been rejected by the Fifth Circuit.  *See United States v. Dabbs*, 85 F. App'x 401 (5th Cir. 2004) (rejecting the Defendant's argument that the district court erroneously granted the government's motion in limine to exclude evidence of a state court's previous dismissal of charges against him and rejecting the argument that this exclusion violated his rights to confrontation and denied him a fair trial.).

## Conclusion

The Government's motion in limine (docket no. 199) is GRANTED.

It is so ORDERED.

SIGNED this 31st day of May, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE