# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | SA-13-CR-655-XR |
| ) | |
| MARCIANO MILLAN VASQUEZ (5), ) | |
| GUSTAVO RODRIGUEZ-COSTILLA(14) ) | |
| ) | |
| **Defendants.** ) | |

## UNITED STATES THIRD MOTION IN LIMINE FOR AUTHORIZATION FOR THE PRESENCE OF TWO LAW ENFORCEMENT OFFICERS AT COUNSEL TABLE

A jury trial is scheduled to begin in the above-captioned case on July 5, 2016. The prosecution hereby moves in limine for authorization pursuant to Federal Rule of Evidence 615[1] for the presence of two law enforcement officers, Texas Ranger Joe Sanchez and DEA Special Agent Denise Stone, at counsel table. The presence of both officers is necessary for the orderly and timely presentation of a large amount of exhibits and witness testimony.

The case before the Court involves the confluence of many separate but related matters charged in the indictment, including a number of drug conspiracies, gun charges, money laundering and international murders. Two separate agencies (DEA and DPS) were responsible for different aspects of the case in different locations. The investigative agencies were conducted out of two different locales (San Antonio, Texas and Del Rio/Eagle Pass, Texas). The agents

---

[1] Federal Rule of Evidence 615 states "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present."

roles and duties were not coextensive at the time of the investigation, and each is not completely familiar with the aspects of the others investigation. The presence of both officers is necessary for the orderly and timely presentation of a large amount of exhibits and witness testimony.

Agent Denise Stone is one of the lead case agents whose testimony will include the presentation of evidence related to the drug investigation including intercepted wiretap communications. Agent Stone's testimony may be lengthy. When she is not testifying, Detective Stone will bring witnesses in and out of the courtroom as they are called and will deal with any related logistical issues that arise during trial Agent Stone has been designated as the prosecution's representative under Rule 615(2).

Ranger Sanchez (formerly a DPS Detective) is also one of the lead case agents who was primarily responsible for the development of a number of the seizures related to the case. He will, when not testifying, assist in the presentation of evidence. Ranger Sanchez was the agent on more than half of the seizures that will be introduced in evidence. Moreover, there are several other seizures by DPS apart from those in which Ranger Sanchez participated. He will assist in the coordination of that evidentiary material as well.

Ranger Sanchez's anticipated testimony will be much more extensive than Special Agent Stone's anticipated testimony. Ranger Sanchez's testimony will precede Agent Stone's testimony for the most part and is not likely to overlap (although a separate motion will be filed related to Ranger Sanchez's testimony to allow for the orderly presentation of the evidence).

The plain terms of Rule 615 and published opinions interpreting the rule make clear that the presence of both law enforcement officers at counsel table is authorized if they are "designated as [the prosecution's] representative" or their "presence is shown by [the prosecution] to be essential to the presentation of the [prosecution's] cause." *United States v. Jackson*, 60 F.3d 128,

134-35 (2d Cir. 1995). As explained above, both conditions exist. As a result, the presence of both law enforcement officers at counsel table should be authorized. Even if the presence of both officers at counsel table was determined to be only helpful as opposed to necessary, this Court should exercise its discretion to authorize their presence in light of the fact that their respective testimony is not likely to overlap. *See United States v. Green*, 293 F.3d 886, 892 (5th Cir. 2002); *United States v. Jackson*, 60 F.3d 128, 134-35 (2d Cir. 1995); *United States v. Alvarado*, 647 F.2d 537, 540 (5th Cir. 1981); *but see United States v. Pulley*, 922 F.2d 1283, 1285-86 (6th Cir. 1991); *United States v. Farnham*, 791 F.2d 331, 334-36 (4th Cir. 1986).

Based upon the foregoing, the prosecution hereby seeks authorization pursuant to Federal Rule of Evidence 615 for the presence of two law enforcement officers, DEA Special Agent Denise Stone and Texas Ranger Joe Sanchez, at counsel table. A proposed order accompanies this motion.

Respectfully submitted,

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

BY: _____/s/_____
Russell D. Leachman
Assistant U.S. Attorney
Texas State Bar No. 112069710
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5512
(210) 384-7022
(210) 384-7028 FAX

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this the 10th day of June, 2016, a true and correct copy of the foregoing document was served on Jesse Cavazos and Thomas Hille, Attorneys for the via ECF filing.


                _____/s/_____
                RUSSELL D. LEACHMAN
                Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | SA-13-CR-655-XR |
| ) | |
| **MARCIANO MILLAN VASQUEZ (5),** ) | |
| **GUSTAVO RODRIGUEZ-COSTILLA(14)** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER ON GOVERNMENT'S THIRD MOTION IN LIMINE

On the ____ day of _____, 2016, the Court came to consider the Government's Second Motion in Limine, and having considered same, the Court is of the opinion that the Government's Third Motion should be and is hereby GRANTED.

Signed and entered on the _____ day of _____. 2016.

_____
HONORABLE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE