**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | NO. 5:13-CR-00655-(5)XR |
| | § | |
| **MARCIANO MILLAN VASQUEZ(5)** | § | |

**DEFENDANT MARCIANO MILLAN VASQUEZ'S MOTION FOR SEVERANCE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant, MARCIANO MILLAN VASQUEZ, by and through his attorney of record and files this his Motion For Severance pursuant to the Fifth and Sixth Amendment to the United States Constitution, and Rule 14 of the Federal Rules of Criminal Procedure, and moves for severance from the prejudicial joiner of the claims made against the respective defendants in the above cause and in support thereof would show the Court the following:

**I.**

This defendant along with defendant Gustavo Rodriguez Costilla are charged by indictment in multi count indictment alleging a conspiracy to possess with intent to distribute marijuana, cocaine, possess weapons in furtherance of drug crimes, and this Defendant is also charged with acts of violence in furtherance of a drug trafficking crime and of giving a false statement to a law enforcement officer.

Based on discovery provided to date, the government intends to try this case against these defendants jointly by presenting evidence applicable to each defendant

individually in the form of extraneous acts, and statements against interest of the respective defendants and that apply to them individually.

Defendant moves for severance from his co-defendant because his individual Constitutional right to a fair trial will be prejudiced by the joiner of his trial with that of his co-defendant for the following reasons:

(1) It is anticipated that the government will offer extraneous acts on the part of co-defendant applicable to him only of a prior conviction of being an alien fugitive from justice in possession of a weapon, an alleged escaped fugitive from Mexico charged with being associated with the Zeta organization and of engaging in drug and weapons possession. Said evidence would be inadmissible as to Defendant Millan-Vasquez, but for the joiner that currently exist. Said evidence of this extraneous act on the part of Rodriguez-Costilla, given the nature of the events and the facts alleged in this case, would create a prejudice that a limiting instruction and or jury charge would not cure.

(2) The government through its discovery has given notice of it's intend to used alleged statements against interest made by Rodriguez-Costilla to a government informant/cooperator at trial, that allegedly are incriminating in nature. The admission of Rodriguez-Costilla's statement would not be admissible at trial of Defendant, Millan-Vasquez, but for the present joiner that exist. The admission of said statements by Rodriguez-Costilla would

be attributable to him alone, would violate the holding in *Bruton v. United States*, 391 U.S. 124 (1968).

## II.

Based on the information provided by the government and considering the evidence and the defense advanced by the defendants, a trial involving both defendants would involve *Bruton* types issue and create prejudice to such an extent that this Defendant is unlikely to received due process or affair trial. The government's intend to offer the co-defendant's incriminating statements at trial, while admissible as to Rodriguez-Costilla would be inadmissible hearsay as to Defendant Millan-Vasquez thereby depriving Millan-Vasquez of his Sixth Amendment right to confrontation and cross-examination.

The essence of the Sixth Amendment right to confrontation is the right to cross-examine a witness. See *Pinter v. Texas*, 380 U.S. 400, 404 (1964). Consequently, the admission of co-defendant's statement incriminating a defendant where the co-defendant is not available for cross-examination constitutes reversible error. See *Bruton v. United States*, supra. In *Cruz v. New York*, 481 U.S. 186, (1987), the Supreme Court reaffirmed the holding of *Bruton* and its commitment to the principle that where two or more defendants are tried jointly…the pre-trial confession of one of them that implicates the otherwise is not admissible against the others unless the confessing defendant waives his

Fifth Amendment rights so as to permit cross-examination. See also *Gray v. Maryland*, 523 U.S. 185 (1998).

### III.

A joint trial of these co-defendants, will likely result in Bruton issues, and the admission of otherwise inadmissible evidence. The result being a deprivation of rights violating Fifth and Sixth Amendment to the Constitution and the due process required of a fair trial. The cumulative effect of these violations is such that a limiting instruction and or a jury charge will not cure. See *Bruton* supra 391 U.S. 1622, 1627 and *United States v. Cortinas*, 142 F.3d 242, 248 (5th Cir. 1998).

WHEREFORE PREMISES CONSIDERED, Defendant respectfully request that this matter be set for hearing, and upon hearing of the same, this court grant Defendant's relief from the prejudice joiner and sever the trial of these two defendants, and grant such other relief as to which this Defendant may be entitled.

Respectfully submitted,
The Law Office of Jaime Cavazos
110 West Nueva
San Antonio, TX 78204
(210) 224-4848
Fax   224-5806

/S/Jaime Cavazos
JAIME CAVAZOS
FBN 25884
TBN 00789213

## CERTIFICATE OF SERVICE

I certify that the above motion was filed in accordance with the electronic filing system and the same will provide notice to all parties of interest.

/S/Jaime Cavazos

JAIME CAVAZOS