UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIM. NO.   SA-13-CR-655-XR |
| ) | |
| MARCIANO MILLAN VASQUEZ (5), ) | |
| GUSTAVO RODRIGUEZ-COSTILLA(14), ) | |
| ) | |
| Defendants. ) | |

## UNITED STATES CORRECTED FOURTH MOTION IN LIMINE FOR AUTHORIZATION TO RECALL CERTAIN LAW ENFORCEMENT OFFICERS DURING CASE-IN-CHIEF

A jury trial is scheduled to begin in the above-captioned case on July 5, 2016. The prosecution hereby moves in limine for authorization pursuant to Federal Rule of Evidence 611(a)[1] to recall certain law enforcement officers during its case-in-chief to allow for the chronological presentation of evidence. The chronological presentation of evidence will make it easier for the jurors to understand the evidence and will facilitate the logical questioning of witnesses by the parties.

As explained below, at least one law enforcement officer, and possibly a couple of others, will need to be recalled during the trial to allow for the chronological presentation of evidence because the evidence will span the extended time period listed in the superseding indictment. Various surveillance observations, searches, and seizures occurred throughout that time period.

---

[1] Federal Rule of Evidence 611(a) states "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

In the absence of authorization to recall certain witnesses, the testimony will be disjointed and much more difficult for the jurors to understand and for the parties to probe. As explained below, several courts have expressed their approval of allowing witnesses to be recalled during trials involving extended drug conspiracies to enable the chronological presentation of evidence.[2]

The anticipated testimony of Texas Ranger Joe Sanchez provides a good example of why allowing certain law enforcement officers to be recalled will assist the jurors and the parties. Agent Sanchez participated in many seizures related to this case. Several significant searches, seizures, and surveillance observations were made and conducted by other law enforcement officers during that time period.

If authorization is granted to recall certain law enforcement officers, particularly Ranger Sanchez, then testimony about the individual searches, seizures, and surveillance observations will be presented when it can be best understood by the jury and most effectively probed by the parties. In the absence of authorization to recall certain witnesses, their testimony will lack context and will be confused across multiple seizures and events. As a result, it will be difficult for the jurors to understand it and for the parties to probe it. Moreover, allowing these witnesses to be recalled will not likely extend the length of the trial because the witness is a co-case agent that will be present in the courtroom.

As noted above, several courts have approved of the procedure discussed herein after considering its merits relative to the presentation of evidence in drug trafficking trials. For example, in *United States v. Jackson*, 549 F.2d 517, 528-29 (8th Cir. 1977), the Eighth Circuit reviewed the district court's decision to allow a law enforcement officer to be "recalled from time

---

[2] For example, in *United States v. Curran, et al.,* W.D.Pa. Case 2:09-cr-00325-TFM (Document 687), a case involving an extended drug trafficking conspiracy, certain law enforcement officers were allowed to be recalled during the prosecution's case-in-chief in August 2011. The procedure worked quite well for the parties, the Court, and the jury.

to time in order to testify about individual transactions in chronological order." After each appearance, the officer was cross-examined on the subject of the particular appearance and on credibility, and, after his final appearance, the officer was subjected to cross-examination concerning all of his testimony. *Id*. at 528.

The Eighth Circuit in *Jackson* concluded that the procedure "lent a praiseworthy degree of order to this complicated trial." *Id*. The court went on to hold that "[t]here was no abuse of discretion in permitting the Government to present its evidence chronologically through the repeated recall of [the officer] as a witness. In fact, this procedure is commended as one way to clearly present an organized factual recital in an extended conspiracy trial." *Id*. at 528-29. *See also United States v. Puckett*, 147 F.3d 765, 770 (8th Cir. 1998); *United States v. Butera*, 677 F.2d 1376, 1380-81 (11th Cir. 1982); *United States v. Dimora*, 843 F.Supp.2d 799, 822 (N.D.Ohio 2012) (authorizing the recall of a witness during the prosecution's case-in-chief and explaining that "courts have approved of the practice of recalling witnesses to testify to discrete incidents in cases involving complex conspiracies or activities occurring over a long period. . . . [T]his method of presentation will provide a clear and orderly trial and will aid the jury's understanding of the evidence, which will be beneficial to the defendants.").

More recently, the United States District Court for the District of Columbia in *United States v. Edelin*, 128 F.Supp.2d 23, 47 (D.C. 2001), granted the prosecution's motion to allow it to recall witnesses during its case-in-chief to present drug trafficking evidence in a chronological manner. The court cited Rule 611(a) and explained that the motion should be granted "to aid the jury's understanding of the evidence, it is preferable that the evidence be presented in chronological order. While this necessitates that witnesses be recalled during the case-in-chief, there does not appear to be any detrimental effect on the defendants, indeed, it will be beneficial

for the defendants if the jury has a greater understanding of the case and the evidence presented by the government." *Id*.   The court went on to note that recalling prosecution witnesses "will allow witnesses to testify about specific incidents, and then be recalled to testify about other specific incidents that may have occurred at a later date. If each event is presented by the government to the jury in chronological order, along with the supporting evidence, it will be easier for the jury to understand the case as a whole." *Id*.

Based upon the foregoing, the prosecution hereby seeks authorization pursuant to Federal Rule of Evidence 611(a) to recall certain law enforcement officers during its case-in-chief to allow for the chronological presentation of evidence.   A proposed order accompanies this motion.

Respectfully submitted,

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

BY:       /s/
RUSSELL D. LEACHMAN
Assistant U.S. Attorney
Texas State Bar No. 112069710
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5512
(210) 384-7022
(210) 384-7028 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of June, 2016, a true and correct copy of the foregoing document was served on Jesse Cavazos and Thomas Hille, Attorneys for the via ECF filing.

/s/
RUSSELL D. LEACHMAN
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CRIM. NO.  SA-13-CR-655-XR** |
| ) | |
| **MARCIANO MILLAN VASQUEZ (5),** ) | |
| **GUSTAVO RODRIGUEZ-COSTILLA(14),** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER ON GOVERNMENT'S FOURTH MOTION IN LIMINE

On the _____ day of _____, 2016, the Court came to consider the Government's Fourth Motion in Limine, and having considered same, the Court is of the opinion that the Government's Third Motion should be and is hereby GRANTED.

Signed and entered on the _____ day of _____ 2016.

_____
HONORABLE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE