UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CRIM. NO. <u>SA-13-CR-00655-XR</u> |
| v. | § | |
| | § | |
| MARCIANO MILLAN VASQUEZ et al (5), | § | |
| | § | |
| Defendants. | § | |

## <u>GOVERNMENT'S RESPONSE TO DEFENDANT'S<br>MOTION FOR SEVERANCE</u>

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files this Response to the Defendant's Motion for Severance and would show the court as follows:

I.

As grounds for severance, defendant asserts only that: 1) that the United States will offer evidence of a prior conviction against the Co-Defendant and evidence that the Co-Defendant escaped from a Mexican prison; and 2) that the United States will offer evidence of the Co-Defendant's statements against him in violation of *Brunton v. United States*, 391 U.S. 124. The United States would only use the Defendant's prior statements against the Co-Defendant if he testified in trial, and under that circumstance there is clearly no *Brunton* issue. Similarly, the Defendant's prior conviction would not be admissible against the Co-Defendant unless he took the stand. The Defendant's and Co-Defendant's actions as a sicario are part and parcel of the charged offenses as is the Zeta jail break perpetrated by the cartel to advance its illegal objectives. The offenses and defendants are properly joined in the indictment, and in the interest of judicial economy, they should be tried jointly.

II.

Rule 8(b), F.R.Cr.P., provides for joinder of defendants if they "are alleged to have participated in the same act or transaction or in the same series of transactions constituting an offense or offenses." Joinder is proper where it is alleged that defendants participated in the same series of transactions or acts. Schaffer v. United States, 362 U.S. 511 (1960). The general test for joinder is whether a common thread links the defendants. See United States v. McLain, 323 F. 2d 1457 (11th Cir. 1987); United States v. Bueno-Risquet, 799 F.2d 804 (1986). Accordingly, the defendants are properly joined for trial in this cause. The Government will present evidence at trial that will show that both defendants engaged in the same conspiracy as charged in the indictment.

III.

A district court should grant a motion for severance only when there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants. Zafiro v. United States, 506 U.S. 534, 539 (U.S. 1993). The movant for severance carries a heavy burden of "convincing the court that without such drastic relief [he] will be unable to obtain a fair trial." United States v. Perez, 489 F.2d 51, 65 (5th Cir. 1973), cert. denied, 417 U.S. 945 (1974). Generally, defendants jointly indicted should be tried together. United States v. Webster, 734 F.2d 1048 (5th Cir. 1984).

While severance may be appropriate when antagonistic defenses are present, the conflict must reach a point where the defenses are irreconcilably and mutually exclusive. United States v. Horton, 646 F.2d 181, 186 (5th Cir.), cert. denied, 102 S. Ct. 516 (1981); United States v. Marable, 574 F.2d 224, 231 (5th Cir. 1978). The extent of conflict must be substantial before

severance is appropriate. See United States v. Santisteban, 833 F.2d 513 (5th Cir. 1987). Munoz has made no showing of any conflict of this nature, and accordingly, is not entitled to such relief.

The rule in Bruton affects the propriety of using a non-testifying co-defendant's confession that can implicate the other defendant. Bruton v. United States, 391 U.S. 123 (U.S. 1968). The confessions must be barred at a joint trial if they cannot be redacted or if they directly implicate the co-defendant. United States v. Lewis, 786 F.2d 1278 (5th Cir. 1986). Such is simply not the case here. Bruton and its progeny involve scenarios where one of the defendants has submitted a confession or admission. Even if his co-defendant did submit a confession or admission, that evidence may be admissible as long as the defendant's name and reference to defendant's existence has been redacted. Gray v. Maryland, 523 U.S. 185, 191 (U.S. 1998). The evidence in Bruton was "incriminating on its face" and "expressly implicated" the defendant. Id. Evidence requiring linkage to implicate the defendant does not violate the Bruton boundaries. Id.

In this case, there is no known Bruton issue, and the Defendant has identified nothing further requiring severance. In the absence of such evidence, there is nothing to support the Defendant's Motion.

IV.

Finally, the Defendant's Motion is premature. It is not clear at this time whether the Co-Defendant will proceed to trial in this matter. In the event that the only Co-defendant before the court pleads guilty, this matter will be moot. Accordingly, the United States requests that this court abate the Defendant's motion until a determination can be made on the Co-Defendant's status for trial.

3

WHEREFORE, PREMISES CONSIDERED, the United States prays that the Motion to Sever be denied.

                                        Respectfully submitted,

                                        RICHARD L. DURBIN, JR.
                                        UNITED STATES ATTORNEY

By: _____/s/_____
      RUSSELL D. LEACHMAN
      Assistant United States Attorney
      Texas State Bar No. 12069710
      601 N.W. Loop 410, Suite 600
      San Antonio, Texas 78216
      Tel.(210) 384-7150,   Fax (210) 384-7118

## **CERTIFICATE OF SERVICE**

I certify that on June 20, 2016 a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to Counsel for Marciano Millan-Vasquez - Jaime Cavazos and Gustavo Rodriguez-Costilla - Thomas Fritz Hille.

                                                _____/s/_____
                                                RUSSELL D. LEACHMAN
                                                Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | CRIM. NO. SA-13-CR-00655-XR |
| v. | § § | |
| MARCIANO MILLAN VASQUEZ et al (5), | § § | |
| Defendants. | § § | |

**ORDER**

On this day came on to be considered Defendant's Motion to Sever, the Government's Response thereto, as well as the entire record. The Court finds that Defendant's Motion to Sever is DENIED.

SIGNED this ____ day of _____, 2016.

---

HONORABLE JUDGE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS