UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CRIM. NO. SA-13-CR-00655-XR |
| v. | § | |
| | § | |
| MARCIANO MILLAN VASQUEZ et al (5), | § | |
| | § | |
| Defendants. | § | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE REGARDING AGENTS STATEMENTS

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files this Response to the Defendant's Motion in Limine related to the testimony of law enforcement agents, and in opposition thereto would show the court as follows:

I.

As a general proposition, the United States does not intend to call law enforcement agents to prove up matters learned from confidential sources. The United States will call the appropriate witnesses to address these matters. The United States will offer evidence through law enforcement agents related to matters that are otherwise admissible under the rules of evidence. However, the Defense Motion In Limine as drafted could be interpreted to inappropriately restrict the introduction of testimony about coconspirator statements made during the course of the conspiracy—evidence that the Fifth Circuit has repeatedly acknowledged is admissible.

The Defendant improperly interprets the authority related to *Crawford* citing *Davis v. Washington*, 547 U.S. 813 (2006) and *United States v. Townley*, 472 F.3d 1267, 1272 (10th Cir. 2007). The Court did not precisely define the word "testimonial" in *Crawford,* but it *indicated* in

*Davis v. Washington* that a statement is testimonial if 'the circumstances objectively indicate ... that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." United States v. Townley, 472 F.3d 1267, 1272 (10th Cir. 2007). To the contrary, the *Townley* court itself noted, "Nor did *Crawford* overrule *Bourjaily v. United States,* 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), as Appellant suggests." *Bourjaily* held that a court need not independently inquire into the reliability of statements of coconspirators where Federal Rule of Evidence 801(d)(2)(E) (coconspirator statements) is at play. *Id.* at 183–84, 107 S.Ct. 2775. This holding is entirely consistent with *Crawford.* United States v. Townley, 472 F.3d 1267, 1273 (10th Cir. 2007)

The 5th Circuit has addressed this issue. Only testimonial statements "cause the declarant to be a 'witness' within the meaning of the Confrontation Clause." "[A] statement that is not testimonial cannot violate the Confrontation Clause." Brown v. Epps, 686 F.3d 281, 286-87 (5th Cir. 2012) The *Crawford* Court described a testimonial statement as " '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact,' " a description which includes " 'statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" Id. The Court declined "to spell out a comprehensive definition of 'testimonial' " but noted that "at a minimum" it includes "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and ... police interrogations." Id. The Court subsequently clarified that a statement is not testimonial if it is procured for the primary purpose of allowing police to assist in an ongoing emergency or if it is procured under other circumstances where the primary purpose is not to create an out-of-court substitute for trial testimony. Id. No controlling authority specifies whether an unidentified declarant's statements to an undercover officer or confidential informant

prior to an arrest are testimonial, but persuasive authorities all point in the same direction. In *Davis,* the Supreme Court observed in dicta that statements made unwittingly to a government informant were "clearly nontestimonial." See Brown at 287. In *Davis,* the Supreme Court observed in dicta that statements made unwittingly to a government informant were "clearly nontestimonial." Id. Additionally, the Supreme Court has maintained several pre-existing exceptions to the hearsay rules and the confrontation clause, such as the exception that exists when the defendant makes a witness unavailable for the purpose of preventing the witness from testifying. Giles v. California, 554 U.S. 353 (2008). See also Crawford "[T]he rule of forfeiture by wrongdoing (which we accept) extinguishes confrontation claims on essentially equitable grounds." *Crawford*, 541 U.S. at 62 (2004).

Even if the Supreme Court has not comprehensively demarcated "testimonial statements," every indicator that the Court has ascribed to them does not apply to the statements at issue here. The conversations did not consist of solemn declarations made for the purpose of establishing some fact. Rather, the exchange was casual, often profane, and served the purpose of furthering the conspiracy in some way—whether that be murder in furtherance of drug trafficking, weapons trafficking, or other activities in support of drug trafficking. Nor were the unidentified individuals' statements made under circumstances that would lead an objective witness reasonably to believe that they would be available for use at a later trial. To the contrary, the statements were furthering a criminal enterprise; a future trial was the last thing the declarants were anticipating. Moreover, they were unaware that their conversations were being preserved, so they could not have predicted that their statements might subsequently become "available" at trial. The statements were obviously not "prior testimony at a preliminary hearing, before a grand jury, or at a former trial." They also were not part of a formal interrogation about

3

past events—the conversations were informal conversations or cell-phone exchanges about future plans—and their primary purpose was not to create an out-of-court substitute for trial testimony. Id. at 288.

WHEREFORE, PREMISES CONSIDERED, the United States prays that the Defendant's Motion in Limine be denied.

> Respectfully submitted,
>
> RICHARD L. DURBIN, JR.
> UNITED STATES ATTORNEY
>
> By: _____/s/_____
> RUSSELL D. LEACHMAN
> Assistant United States Attorney
> Texas State Bar No. 12069710
> 601 N.W. Loop 410, Suite 600
> San Antonio, Texas 78216
> TEL (210) 384-7150, FAX (210) 384-7118

**CERTIFICATE OF SERVICE**

I certify that on June 20, 2016 a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to Counsel for Marciano Millan-Vasquez- Jaime Cavazos and Gustavo Rodriguez-Costilla—Thomas Fritz Hille.

> _____/s/_____
> RUSSELL D. LEACHMAN
> Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MARCIANO MILLAN VASQUEZ et al (5), § <br> § <br> Defendants. § | CRIM. NO. SA-13-CR-00655-XR |

**ORDER**

On this day came on to be considered Defendant's Motion tin Limine, the Government's Response thereto, as well as the entire record. The Court finds that Defendant's Motion in Limine is DENIED.

SIGNED this _____ day of _____, 2016.

---

HONORABLE JUDGE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS