UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| v. | § § | |
| MARCIANO MILLAN VASQUEZ, | § § | Crim. Action No.  SA-13-CR-655-5-XR |
| *Defendant*, | § § | |

**ORDER**

**Background**

     Marciano Millan Vasquez was charged in an indictment with knowingly, intentionally, and unlawfully, killing and counseling, commanding, inducing, procuring, and causing the intentional killing of various individuals in violation of 21 U. S. C. § 848(e)(1)(A) and 18 U.S.C. § 2.  The murders were alleged to have occurred in the Republic of Mexico and the Western District of Texas.  In counts two, three, four, six, seven, and eight, the Defendant was charged with conspiracy to possess with intent to distribute marijuana, cocaine and methamphetamine.  In count five, the Defendant was charged with knowingly and intentionally employing, hiring, using, persuading, inducing, enticing, and coercing persons under eighteen years of age, to violate Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 960(a)(1), 959, and 963, and aiding and abetting.  In count nine, the Defendant was charged with conspiring to possess firearms in furtherance of the drug trafficking crimes charged in Counts two, three, four, five, six, seven, and eight of the Indictment, in violation of 18 U.S.C. § 924(c)(l) and (o).  In Count ten, the Defendant was charged with making false representations to a Deputy U.S. Marshal by

1

providing a false name and producing a false identification card.  A jury convicted the Defendant on all counts.

**Standard of Review**

In this Circuit, the Court views the evidence and the inferences drawn therefrom in the light most favorable to the verdict, and we determine whether a rational jury could have found the defendant guilty beyond a reasonable doubt.  Equal weight is afforded to direct and circumstantial evidence, and "the evidence need not exclude every reasonable hypothesis of innocence."  *United States of America v. Preston*, 2016 WL 4245450, at *1 (5th Cir. Aug. 10, 2016) (*citing United States v. Gonzales*, 79 F.3d 413, 423 (5th Cir. 1996)).

**Challenges to Count One**

Post-verdict, the Defendant argues for the first time that Count One, as applied to the facts of this case, violates the United States Constitution and international law.  He also argues that the Government failed to establish a meaningful connection between the drug trafficking offenses and the murders.  He also challenges the "sufficiency of the evidence to support the convictions in Count One (as to each individual victim)…."  Finally, he argues that Counts two through nine should be vacated as lesser included offenses.  The Defendant argues that the murders that the Government presented at trial all took place in Mexico, and accordingly he cannot be held accountable for those murders in a United States District Court.  This Court rejects the Defendant's arguments.

At least two courts have held that 21 U.S.C. § 848(e)(1)(A) may be applied extraterritorially.  *See Chen v. United States*, No. 03-CR-734-4 (DAB), 2016 WL 519617, at *5

(S.D.N.Y. Feb. 3, 2016); *United States v. Ma*, No. 03 CR. 734 (DAB), 2006 WL 708559, at *7 (S.D.N.Y. Mar. 21, 2006).  This Court is not aware of any court holding otherwise.

One of the defendants in the *Ma* case raised similar challenges as those made by Millan Vasquez, and an extensive analysis was done by Judge Batts, sitting in the Southern District of New York.  In *Ma*, the Government alleged that Ma murdered Harry Huang (location of the murder not specified in the order) and committed a double murder in Toronto, Canada.  In denying the motion to dismiss the indictment, the Southern District of New York concluded that Congress intended drug statutes to apply extraterritorially, and Congress intended § 848 to apply to homicides committed in other countries, as long as they are committed in furtherance of a drug crime.  *Ma*, 2006 WL 708559, at *5.  The Southern District of New York also concluded that Section 848 did not violate any international principles, concluding that the "objective territoriality principle provides that a country has jurisdiction to prosecute laws with respect to 'conduct outside its territory that has or is intended to have substantial effect within its territory.'"  *Ma*, 2006 WL 708559, at *6.  The Court also adopted the principle that drug trafficking "presents the sort of threat to our nation's ability to function that merits application of the protective principle of jurisdiction."  *Id.*

Although the facts in *Ma* are distinguishable from the facts in this case, this Court concludes that the murders committed in Mexico were committed in furtherance of drug trafficking activities that took place in the United States, and that the activities that took place in Mexico had or were intended to have a substantial effect in this country.

In *Ma*, the Government alleged that many of the preparatory acts of the conspiracy took place in the United States.  According to the Government, the *Ma* defendants discussed, planned, and took substantial steps to commit the murder while in New York City.  Ma allegedly told

persons in New York City that he wanted a person killed in Canada to help his heroin distribution business.  Further, the guns used in the murders were obtained in New York, and the van used to drive to the murder scene was rented in New York.  *Ma*, 2006 WL 708559, at *4.

In this case the murders were all planned and executed in Mexico.  Nevertheless, the Government presented overwhelming evidence that Marciano Millan Vasquez was a sicario or hit man working for the Los Zetas criminal syndicate.  The evidence also established for a period of time he was designated the Plaza Boss in Piedras Negras, Coahuila, Mexico.  The evidence described the Los Zetas organizational structure and the command and control authority possessed by a Plaza Boss.  Piedras Negras lies across the border from Eagle Pass, Texas.  The evidence in this case established that:  (1) large amounts of various drugs were smuggled by individuals associated with the Los Zetas organization from Mexico into Texas and thereafter transported to various other locations; (2) minors (Junior High School students) who were residents or citizens of the United States were recruited by the organization to pick up drugs that had been waded across the Rio Grande River and transport the packages to various locations inside Texas; (3) numerous weapons were smuggled from locations inside the United States across the Texas border into Mexico at the request of the organization; (4) individuals present in the United States were summoned to Piedras Negras to account for drug shipments that were lost, stolen, or confiscated by United States law enforcement personnel; (5) some of the persons summoned were murdered by either the Defendant or others in the Los Zetas organization; (6) persons suspected of assisting United States law enforcement agencies were murdered by either the Defendant or others in the Los Zetas organization; (7) some of those persons murdered were American citizens; and (8) Mexican citizens were murdered who refused to aid the Los Zetas organization, were suspected of assisting rival drug trafficking organizations, or unfortunately

was a family member, or had a social relationship with a Los Zetas member who had fallen out of favor.

This Court concludes that inasmuch as many of the acts underlying the narcotics and firearms conspiracy took place in the United States, crimes occurred in the United States (including the drug and firearm trafficking, and the recruitment of minors to assist in the drug trafficking activity), and the murders were done to further the objectives of the drug conspiracy, the statute may be applied extraterritorially. Any objections to the sufficiency of the evidence are overruled.

**Challenge to Counts Two through Nine**

Congress intended to permit a defendant to be convicted and sentenced separately for murder under 848(e)(1) and a predicate drug conspiracy. *See United States v. Collazo-Aponte*, 216 F.3d 163, 200 (1st Cir. 2000), *cert. granted in part, judgment vacated*, 532 U.S. 1036 (2001). *See also United States v. Britt*, 112 F. App'x 352, 356 (5th Cir. 2004) ("It is clear that § 846 and § 848(e) each require proof of an element the other does not."). Defendant's objection that Counts two through nine are lesser included offenses of section 848(e)(1)(A) is overruled.

## Conclusion

Defendant's Second Rule 29 Motion (docket no. 281) is denied.

SIGNED this 22nd day of August, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE